MONSERRATE, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage Deed.

No. 562.—Decided March 19, 1923.

RECORD OF TITLE—APPEAL—NOTICE.—The period of two days referred to in section 2 of the Act to provide for appeals from decisions of registrars of property of March 1, 1902, begins to run from the date on which, in compliance with section 1 of the said act, the registrar gives notice of his refusal to record to the interested person.

The facts are stated in the opinion.

*Mr. M. Marcos Morales* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Mortgage deed No. 181 executed by Eudosio Torres in favor of Hipólito Monserrate y Febo having been presented in the Registry of Property of Guayama, the registrar refused to record it by a decision of February 12, 1923, and sent up to this court the document and his decision.

Hipólito Monserrate y Febo appeared and alleged that he was given no notice of the registrar's decision and that this being the case, the registrar should not have sent up the document to the Supreme Court and, therefore, there is no appeal duly before this court.

The record contains a communication from the registrar

transmitting, among others, the document referred to, beginning as follows:

"For the reason that none of the interested persons has appeared in the office of this Registry of Property of Guayama to withdraw the documents presented and refused admission to record according to the decision endorsed thereon, I have the honor to enclose them by registered mail, as follows:"

The communication concludes as follows:

"I am sending these documents for the purposes contemplated in section 2 of the Act of March 1, 1902, to provide for appeals from the decisions of registrars of property."

Section 2 of the Act to provide for appeals from the decisions of registrars of property of March 1, 1902, which the registrar cites, reads, in so far as pertinent, as follows:

"Sec. 2. In case the party interested in the record or the entry of the document shall not withdraw it within two days after having been notified as aforesaid, the registrar shall forthwith forward it to the Supreme Court * * * ."

But the registrar ignored the provision of section 1 of the same Act, as follows:

"That when any registrar of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording or for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out clearly and concisely at the foot of the document his reasons for the refusal and *shall serve notice of his action upon the interested party* accompanied by a copy of his written reasons for the refusal." (Italics ours.)

The period of two days fixed in section 2 begins to run from the date of the notice required by section 1.

It is clear, therefore, that there is before this court no appeal duly taken or established and the document must be

returned to the registrar in order that he may comply with the provision of section 1 of the said Act of March 1, 1902.

*Remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.